```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x

In re:                            :

CHRISTINE B. PERFETTO             :    BK No. 06-106509
         Debtor                        Chapter 7

- - - - - - - - - - - - - - - - -x
```

# DECISION & ORDER REQUIRING DEBTOR TO FILE MEANS TEST FORM B22A AFTER CONVERSION TO CHAPTER 7

```
APPEARANCES:

    Christopher M. Lefebvre, Esq.
    Attorney for Debtor
    P.O. Box 479
    Pawtucket, Rhode Island 02862

    Leonard J. DePasquale
    Assistant United States Trustee
    U.S. Department of Justice
    Office of the U.S. Trustee
    10 Dorrance Street, Suite 910
    Providence, Rhode Island 02903
```

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 06-10509

Heard on the Debtor's objection to this Court's Notice of Missing Documents, requiring her to file Official Bankruptcy Form B22A, after she converted her Chapter 13 case to one under Chapter 7. This dispute raises an issue of first impression in the Nation,[1] but one that has been brewing since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), i.e., whether § 707(b) requires the means test form, B22A, to be filed in cases voluntarily converted from Chapter 13 to Chapter 7.

The Debtor contends that under 11 U.S.C. § 707(b), Form B22A is required only in *cases filed originally under Chapter 7*, and not to cases which end up in Chapter 7 after voluntary conversion from Chapter 13. The United States Trustee (AUST) argues that such a reading of the statute would eviscerate the primary reason that BAPCPA was enacted[2] — to apply a means test in Chapter 7 cases to determine whether the filing constitutes substantial abuse. According to the AUST, Congress never intended that Chapter 7

---

[1]  Our research has turned up no case dealing with the issue raised in this litigation.

[2]  It should not be inferred from anything discussed herein that to eviscerate BAPCPA in its entirety would be a bad thing – it just happens not to fall within the list of things this Court is authorized to do.

BK No. 06-10509

debtors should be able to avoid the scrutiny of the means test merely by filing a Chapter 13 case, and then perfunctorily converting to Chapter 7.  For the reasons discussed below, and in the circumstances of this case,[3] I conclude that upon the conversion to Chapter 7, the former Chapter 13 Debtor is required to file the Form B22A to remain in good standing, in the present case.

## BACKGROUND

On May 30, 2006, Christine Perfetto filed a Chapter 13 petition, and two weeks later she filed schedules including Form B22C, the means test form applicable in Chapter 13 cases.  Her Schedules I and J revealed a monthly net cash loss, and Schedule F states that she had $13,855 in unsecured, non-priority consumer debt.[4] On the day she filed her Chapter 13 schedules, with no evidence or suggestion of a change of circumstances, the Debtor converted her case to one under Chapter 7.  Following the conversion, the Debtor did not file the Chapter 7 means test form B22A, so the Court issued a Notice of Missing Documents, and

---

[3]  *See* Discussion at pp.8-10, *infra*.

[4]  This raises the question: Why would a Debtor who has no income and no personal residence to preserve file a Chapter 13 case in the first place?

BK No. 06-10509

ordered her to file the Form B22A within fifteen days.[5] The Debtor objected to the Court's notice and order, arguing that § 707(b) does not require the filing of the document in question. Alternatively, the Debtor argues that even if the ruling is that the Form B22A is required to be filed, she is excused from compliance because the Form B22C filed in her Chapter 13 case clearly establishes that her income is below the state median, and therefore no useful information would be gained by requiring the Chapter 7 Form B22A in the converted case.

### DISCUSSION

11 U.S.C. § 707(b)(1) provides in relevant part:

> After notice and hearing, the court, on its own motion or on a motion by the United States trustee … may dismiss a case *filed by* an individual debtor under this chapter whose debts are primarily consumer debts … if it finds that the granting of relief would be an abuse of the provisions of this chapter.

BAPCPA amends 11 U.S.C. § 707(b) to include a Chapter 7 means test to determine whether the filing would "be an abuse of the provisions of Chapter 7," thereby rendering the debtor ineligible for Chapter 7 relief. BAPCPA also includes a means test under 11

---

[5] While neither party offered evidence, the record in this case raises a strong inference that the motivation for the Debtor's strategy and sequencing of her various filings was pre-planned, disingenuous, and lacking good faith.

3

BK No. 06-10509

U.S.C. § 1325, which is used to ascertain a Chapter 13 debtor's disposable income. 11 U.S.C. §§ 1325(b)(3), 707(b)(2)(A). The Chapter 13 and Chapter 7 means tests are specific to each chapter, as are their respective forms, and they are intended to serve different purposes.

In assessing the Debtor's § 707(b) argument, a look at the statute makes it clear that § 707(b) is not at all ambiguous. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004); *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241-42 (1989). A court's analysis is unnecessary, and indeed is not authorized where the statutory language is plain and unambiguous, with the result that the court is empowered only to enforce the law according to its terms. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000). Not surprisingly, however, there are two exceptions to the plain meaning rule: (1) "when literal interpretation of a statute would lead to a result that is contrary to congressional intent"; and (2) "when literal interpretation of a statute would produce an absurd result." *In re Sours,* 350 B.R. 261, 266 (Bankr. E.D. Va. 2006); *see also Ron Pair Enters.,* 489 U.S. at 242; *In re Sunterra*, 361 F.3d 257, 269 (4th Cir. 2004). With regard to BAPCPA in general, and § 707(b) specifically, there

4

BK No. 06-10509

appear to be two schools of thought emerging since the enactment of this goal driven example of legislative intemperance:

> One is the "literalist" movement, which holds that "it says what it says", and even if it doesn't make any sense, the law must be construed in strict accordance with the statutory language. The other is the "common sense" approach, which accepts the fact that the BAPCPA in many instances makes no sense whatsoever, but that it must be construed against the background of what it is *presumed* the drafters intended to change from the prior law.

*In re Grydzuk*, 353 B.R. 564, 567 (Bankr. N.D. Ind. 2006).

The Debtor argues simplistically that the plain verbiage of the unamended portion of § 707(b): "filed by an individual debtor under this chapter," echoes her contention that the Form B22A is not required in converted Chapter 7 cases. The AUST counters that § 707(b) and Federal Interim Rule of Bankruptcy Procedure 1007(b)(4) require the Debtor to file the Form B22A, regardless of how she enters Chapter 7, because she is *an individual debtor in a Chapter 7 case, with primarily consumer debt*. The AUST also argues that the Debtor's position is in direct conflict with Congress's dubious goal of identifying whether a presumption of abuse exists in Chapter 7 cases. According to the AUST, the Debtor's interpretation, if accepted, would create a procedural charade wherein debtors could evade the means test by filing a Chapter 13 petition, then immediately converting the case to Chapter 7, and

5

BK No. 06-10509

avoiding scrutiny under Section 707(b). *See In re Sours*, 350 B.R. 261, 269 (Bankr. E.D. Va. 2006) ("disingenuous filing by debtors is clearly an unintended result that runs contrary both to public policy and congressional intent").[6]

Addressing the arguments in order of the easiest first, we can begin by rejecting the so-called *literalist* approach, and by at least considering the merits of the *common sense* view, described briefly at p.4, *supra*. To that end, it is necessary to consider all relevant sections of the statute, *In re Sours*, 350 B.R. 261, 266 (Bankr. E.D. Va. 2006), because "statutory language cannot be construed in a vacuum. It is a fundamental principle of statutory construction is that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) (citing *United States v. Morton*, 467 U.S. 822, 828 (1984).

To read § 707(b) sensibly, vis-a-vis converted cases, we must also include Section 348(a), which provides: "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a

---

[6] And anyone not in a sound sleep would know that is the last thing the 109th Congress would have intended.

6

BK No. 06-10509

change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). Most courts interpreting this section have held that [the filing date of] "a converted case relates back to the initial filing date for all purposes . . . " and Section "348(a) mandates that a case which has been converted to Chapter 7 from Chapter 13 . . . is deemed to be 'filed under' Chapter 7 on the date on which the Chapter 13 was filed." *In re Sours,* 350 B.R. at 268; *In re Grydzuk*, 353 B.R. at 567 (Discussing § 1328(f)(1), the court held that "filed under" referred to the chapter in which the case resides after conversion); *In re Capers,* 347 B.R. 169, 170 (Bankr. D.S.C. 2006) (§ 348(a) provides that a converted case is deemed to have been filed under the chapter to which it is converted). So, it appears to be well settled that when they do convert, debtors are deemed to have "filed under" the *converted to* chapter, as of the date the original petition was filed. *See also Riske v. Lyons (In re Lyons*), 162 B.R. 242, 243 (Bankr. E.D. Mo. 1993); *Resendez v. Linquist*, 691 F2d 397, 398-99 (8th Cir. 1982). I agree with and adopt the foregoing analyses and authorities, and conclude that the term "filed under" in Section 707(b) should not be read as narrowly as the Debtor suggests, but that rather, reading BAPCPA in its

7

entirety regarding means testing, upon conversion to Chapter 7 the Debtor is required to complete and file the Form B22A.

This conclusion is consistent with Interim Federal Rule of Bankruptcy Procedure 1007(b)(4), which was enacted in conjunction with BAPCPA and adopted by this Court in General Order 05-004 effective October 17, 2005.  That Rule provides in part:  "[A]n individual debtor in a chapter 7 case with primarily consumer debts *shall* file a statement of current monthly income prepared as prescribed by the appropriate Official Form."  (Emphasis added).  We also note that Interim Rule 1019(2) provides for the commencement of a new time period for substantial abuse motions under Section 707(b) in cases converted from Chapter 13 to Chapter 7. If debtors were not required to file the Form B22A upon conversion, a meaningful analysis under 707(b) would not be possible, and the starting of a new time period in converted cases would be meaningless, i.e., an absurd result.  Under BAPCPA, the starting point for determining whether substantial abuse exists is the Chapter 7 means test, and regardless of the low esteem in which this Court holds BAPCPA in general, it was clearly the intent of the drafters that the Form B22A be required upon conversion, so that a review of the Debtor's financial condition could be

BK No. 06-10509

conducted within the renewed filing period for motions under 707(b).

Debtors may argue that the ruling announced herein could itself cause an absurd result in cases, for example, that convert to Chapter 7 many months (or years) after the petition date, i.e., the hypothetical argument would be that because BAPCPA instructs us to focus on the six month period prior to the Chapter 13 filing date, requiring debtors to file the Form B22A in such cases might not present an accurate picture of the debtor's current (and relevant) financial circumstances. Such incongruous results appear throughout BAPCPA, creating the potential for many anomalies that were either never considered or completely ignored by the architects of this law. Left to deal with such issues, but with no guidance provided by the seemingly myopic drafters, courts are and will be required to fashion common sense approaches to achieve order out of the confusion unwittingly created by Congress. To that end, in anticipation of and acknowledging the foregoing caveat, this Court will consider the treatment of those cases on an ad hoc basis, if and when they are filed, and only upon careful consideration of the totality of the circumstances in each case.

BK No. 06-10509

Thankfully, the case at Bench is straightforward, fact specific, and does not spawn any of the feared inconsistencies lurking in BAPCPA. Accordingly, the Debtor's objection to the Court's Order that she must file the Form B22A upon conversion of her case from Chapter 13 to Chapter 7 is OVERRULED. The Debtor is allowed 10 days within which to file a completed Form B22A, and her failure to comply with this Order will result in the automatic dismissal of the case.

Enter judgment consistent with this opinion.

Dated at Providence, Rhode Island, this    19th    day of January, 2007.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 1/19/2007

10